UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| YELENA KATCHKO | | LUKASZ WOZNIAK | |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** (filed 5/4/2012)

**(IN CHAMBERS): PLAINTIFF'S MOTION TO CONSOLIDATE** (filed 6/5/2012)

## I.    INTRODUCTION

On January 4, 2012, plaintiff Blanca S. Ortiz filed the instant action in the San Bernardino County Superior Court against America's Servicing Company, a division of Wells Fargo Bank ("ASC"), First American Trustee Serving Solutions, LLC ("First American") and HSBC Bank USA as trustee for the Holders of Nomura Home Equity Loan, Inc. ("HSBC") alleging various claims for relief in connection with her mortgage loan and subsequent default and foreclosure on her real property located at 7468 Vicksburg Place, Fontana, CA, 92336 (the "Property"). On February 8, 2012, defendants removed the case to this Court on the basis of diversity jurisdiction. On April 12, 2012, plaintiff filed a first amended complaint ("FAC").

Plaintiff's FAC asserts eight claims for relief: (1) breach of contract based on a HAMP Trial Plan against all defendants; (2) fraudulent inducement against ASC; (3) negligence against ASC; (4) promissory estoppel against ASC; (5) unfair and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (6) declaratory relief; (7) injunctive relief; and (8) cancellation of deed.

On May 4, 2012, defendants a filed a motion to dismiss the FAC. Plaintiff filed an opposition on May 28, 2012. Defendants filed their reply on June 5th, 2012. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

held a hearing on June 11, 2012. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   BACKGROUND

On September 25, 2006, plaintiff executed a Deed of Trust to obtain a loan in the amount of $367,900 to refinance the Property. RJN, Exh. A.[1] Plaintiff discontinued her monthly payments in June 2009. RJN, Exh. B. First American recorded a Notice of Default on September 4, 2009, when plaintiff was $10,034.85 in arrears. Id. Following receipt of the notice of default, plaintiff entered into a Home Affordable Modification Program ("HAMP") Trial Period Plan in an effort to avoid foreclosure on the Property. FAC ¶ 15. The HAMP plan required plaintiff to make monthly payments of $1,758.79 from March 1, 2010 through May 1, 2010, instead of plaintiff's normal, higher monthly mortgage payment. Plaintiff alleges that after she made these three payments, she continued to pay $1,758.79 per month without objection from defendants. FAC ¶ 17. Plaintiff avers that she was assured by a representative of ASC that her file was in processing for a permanent modification and that foreclosure proceedings against the Property were suspended. FAC ¶ 20.

---

[1] Although when ruling on a Rule 12(b)(6) motion a court generally cannot consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Because each of the documents submitted in defendants' request for judicial notice are matters of public record, defendants' request is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Plaintiff alleges that ASC failed to perform its contractual obligation to review plaintiff's eligibility for a loan modification and failed to grant her a permanent modification. FAC ¶ 47; Opp'n at 8. Because plaintiff was not offered a permanent modification, she again defaulted on the loan and a second Notice of Trustee's Sale was recorded on December 16, 2010. RJN, Exh. F. On January 6, 2012, the Property was sold at a trustee's sale. RJN, Exh. G. The instant action followed.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6   O

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Each of plaintiff's claims is discussed in turn.

### A. Breach of Contract Based on HAMP Trial Plan and Cancellation of Deed

Plaintiff's first claim for relief alleges that ASC breached the terms of the HAMP agreement. As a result of the alleged breach, plaintiff alleges that defendants improperly commenced foreclosure proceedings and her eighth claim therefore seeks cancellation of the deed. Specifically, plaintiff alleges that she satisfied the terms and conditions of the HAMP agreement by providing the requested documents and making trial period payments for three successive months and for several months after the final trial period payment. FAC ¶ 16. Plaintiff alleges that ASC breached the terms of the HAMP plan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

by failing to assess plaintiff's application for a permanent loan modification and by initiating foreclosure proceedings. FAC ¶ 46.

Defendants move to dismiss this claim on the ground that no binding contract exists between the party. Mot. at 5. Plaintiff responds that she fully performed under the contract and that ASC breached the contract by not reviewing her application for a permanent modification closely enough. Opp'n at 2–3.

"[T]o state a claim for breach of contract, the plaintiff must plead: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages." Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n.6 (Cal. Ct. App. 2004). Under California law, it is well settled "that there is no contract until there has been a meeting of the minds on all material points." Banner Entm't, Inc. v. Sup. Ct., 62 Cal. App. 4th 348, 357–58 (Cal. Ct. App. 1998) (emphasis omitted). "Further, when it is clear that the proposed written contract would become operative only when signed by the parties, the failure to sign the agreement means no binding contract was created." Grill v. BAC Home Loans Servicing LP., 2011 WL 127891, at *3 (E.D. Cal. Jan. 14, 2011) (internal quotation marks and citations omitted).

The Court finds that plaintiff's breach of contract claim should be dismissed. The plain language of the HAMP trial plan belies plaintiff's allegation that a binding contract exists between her and ASC. Section 2(F) of the HAMP trial plan states, in part:

> If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement . . . the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me.

FAC at 30, Exh. 1.[2]

---

[2] The 17 pages of exhibits attached to plaintiffs' complaint are not tabbed as required by Local Rule 11-5.3. See L-R 11-5.3 ("Exhibits shall be tabbed in sequential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

This language demonstrates that a binding contract does not exist unless and until ASC determined that plaintiff complied with the requirements. Courts faced with nearly identical allegations have reached the same result. See, e.g., Grill, 2011 WL 127891, at *4 (analyzing nearly identical language from a HAMP trial plan and dismissing plaintiff's breach of contract claim because "Exhibit C makes clear that providing the requested documents was simply a part of the application process, which plaintiff was willing to complete in the hope that BAC would modify his loan"); Lucia v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 1059, 1068 (N.D. Cal. 2011) ("Plaintiffs fail to allege, however, that they have met all the conditions set forth in the [HAMP trial plan] for loan modification, including receipt of a 'fully executed copy of a Modification Agreement,' and therefore fail to allege the existence of a binding contract regarding a permanent loan modification."); Nungaray v. Litton Loan Serv., LP, 200 Cal. App. 4th 1499, 1504 (Cal. Ct. App. 2011) ("As a matter of law, there was no contract here. The plain and clear language of paragraph 2G states that the Plan 'is not a modification of the Loan Documents' and the documents will not be modified unless the [plaintiffs] 'meet all of the conditions required for modification,' including the [plaintiffs'] receipt of a 'fully executed copy of a Modification Agreement.'"). Because plaintiff has not alleged that defendants approved her for a permanent modification, no binding contract was ever created.

Accordingly, plaintiff's breach of contract claim fails as a matter of law. Because plaintiff's claim for cancellation of deed is premised on her claim for breach of contract, that claim likewise fails. Because plaintiff cannot allege that the HAMP trial plan is a binding contract, and in light of the fact that numerous courts have rejected the theory advanced by plaintiff herein, the Court concludes that amendment would be futile. Dismissal is therefore WITH PREJUDICE.

### B.   Fraudulent Inducement

To maintain a claim for fraud, a plaintiff must allege: (1) a false representation as to a material fact; (2) knowledge of its falsity; (3) intent to defraud; (4) actual and justifiable reliance; and (5) resulting damages. E.g., Do Sung Uhm v. Humana, Inc., 620

---

order."). Plaintiff is admonished to follow all local rules in future filings. Failure to do so may result in sanctions at the discretion of the Court. L-R 11-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

F.3d 1134, 1157 (9th Cir. 2010); Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

  Plaintiff alleges that ASC "intentionally or recklessly and with wanton disregard of plaintiff's rights falsely represented to plaintiff through [the HAMP plan agreement] that upon plaintiff's full performance under the Agreement [d]efendant ASC would extend plaintiff a permanent modification." FAC ¶ 56.

  Defendants argue that plaintiff's claim for fraudulent inducement fails because plaintiff cannot allege any wrongful conduct by ASC and because plaintiff fails to allege the purported fraud with the specificity required by Rule 9(b). Mot. at 10. Plaintiff responds that her claim was pled with adequate particularity and that she reasonably relied on defendants' alleged promise by foregoing alternative mitigation options. Opp'n at 11–12.

  The Court finds that the plaintiff's fraudulent concealment claim fails as a matter of law because she has not alleged the requisite reasonable reliance. Although plaintiff avers that "false representations made by defendant were made with the intent of inducing plaintiff Ortiz to remit as much money as possible prior to foreclosure, while instilling . . . false hope," see FAC ¶ 59, this claim of "reasonable reliance" is undermined by plaintiff's inability to satisfy her mortgage obligations. See, e.g., Crews v. Wachovia Mortg. Corp., 2010 U.S. Dist. LEXIS 77660, at *10–11 (C.D. Cal. July 23, 2010) (concluding that the plaintiff failed to show reasonable reliance because she failed to show that "but for the alleged fraudulent promise to modify the loan, plaintiff would and could have satisfied her mortgage obligations"); Williams v. Wraxall, 33 Cal. App. 4th 120, 132 (Cal. Ct. App. 1996) ("Deception without resulting loss is not actionable fraud."); Conrad v. Bank of Am., 45 Cal. App. 4th 133, 159–160 (Cal. Ct. App. 1996) (dismissing fraud claim under similar circumstances because "[m]isrepresentation, even maliciously committed, does not support a cause of action [for fraud] unless the plaintiff suffered consequential damages"). Plaintiff's assertion that defendants "lured" her into "procur[ing] as much money as possible" before ultimately foreclosing on the Property ignores the simple fact that all of plaintiff's HAMP trial plan payments were applied to a debt she legally owed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Accordingly, defendants' motion to dismiss plaintiff's claim for fraudulent concealment is GRANTED. Because plaintiff has not and cannot satisfy her mortgage payments, amendment would be futile. Dismissal is therefore WITH PREJUDICE.

### C. Negligence

To maintain a claim for negligence, plaintiff must demonstrate that (1) defendant had a legal duty to conform to a standard of conduct to protect plaintiff, (2) defendant failed to meet this standard of conduct, (3) defendant's failure was the proximate or legal cause of the resulting injury, and (4) plaintiff was damaged. Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996).

Plaintiff alleges that ASC assumed a legal duty to "competently and professionally service plaintiff's loan." FAC ¶ 67. Plaintiff alleges that ASC breached this duty by failing to provide plaintiff with monthly statements of payments due, negligently handling pertinent information submitted by plaintiff, and failing to review plaintiff's loan modification application. Id.

ASC argues that plaintiff's negligence claim fails because she "cannot allege the existence of . . . a legal duty that was owed by ASC to [p]laintiff." Mot. at 12.

Plaintiff, relying on Biakanja v. Irving, 49 Cal. 2d 647 (1958) and Garcia v. Ocwen Loan Serv., LLC, 2010 U.S. Dist. LEXIS 45375, at *10 (N.D. Cal. May 10, 2010), argues that defendants "overstepped" the traditional role of a mere lender of money by acting as the broker to its own loan modification. Opp'n at 13–14.

The Court finds that plaintiff's claim for negligence fails as a matter of law because ASC did not owe a legal duty of care to the plaintiff. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Das v. Bank of Am., N.A.,186 Cal. App. 4th 69, 111 (Cal. Ct. App. 2010). Liability to a borrower for negligence arises only when the lender "actively participates" in the financed enterprise beyond its role as money lender. Connors v. Great Western Sav. & Loan Assn. 69 Cal. 2d 850, 864 (1968). However, because "approving an initial loan is within a lender's conventional role, loan modification is also intimately tied to Defendant's lending role," and therefore does not give rise to a legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

duty between the lender and borrower. See, e.g., Gutierrez v. PNC Mortg., 2012 WL 1033063, at *4 (S.D. Cal. Mar. 26, 2012) (internal quotation marks and citation omitted) (dismissing negligence claim under circumstances similar to those present here); Johnston v. Ally Fin. Inc., 2011 WL 3241850, at *4 (S.D. Cal. July 29, 2011) ("The Court concludes that GMAC owed no duty to Plaintiffs in relation to their loan . . . loan modification is an activity that is intimately tied to [GMAC's] lending role") (internal quotation marks and citation omitted); Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902, at *7 (C.D. Cal. May 4, 2011) ("Plaintiffs allegations rest on foreclosure and loan modification, two activities that are intimately tied to Defendant's lending role. Thus, Defendant's alleged conduct did not breach any duty of care owed to Plaintiffs."). See also Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 436 (Cal. Ct. App. 2010) ("A lender is under no duty to determine the borrower's ability to repay the loan.") (internal quotation marks and citation omitted).

For the foregoing reasons, defendants' motion is therefore GRANTED. Because further amendment would be futile, dismissal is WITH PREJUDICE.

### D. Promissory Estoppel

To allege a claim for promissory estoppel, plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed. US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901 (Cal. Ct. App. 2005).

Plaintiff alleges that defendants "promised that if [p]laintiff performed under the terms of the [HAMP] Agreement by remitting monthly payments, submitting the required paperwork and [p]laintiff's representations under the Agreement remained true and accurate, [d]efendant ASC would abstain from initiating foreclosure proceedings . . . and send [p]laintiff a finalized Modification Agreement." FAC ¶¶ 75–76. Plaintiff further asserts that she reasonably relied on this promise because she "forwent alternative loss mitigation efforts, including seeking legal representation throughout the modification process." Opp'n. at 6. Plaintiff claims she "would have never made the additional payments . . . after completing the [HAMP trial plan] and would have immediately pursued litigation" if she knew of defendants' alleged intention not to honor the Agreement. FAC at 7. Plaintiff finally avers that she has accrued more than year of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

"penalties, fees, heightened interest rates, negative credit reporting and credit restrictions" as a direct and proximate result of ASC's failure to adequately review and honor the HAMP agreement. FAC ¶ 79.

Defendants argue that "[p]laintiff's claims are premised on her incorrect contention that [ASC] breached the HAMP Trial Plan by not providing her with a permanent loan modification after the expiration of the trial plan." Mot. at 6.

In opposition, plaintiff contends that she reasonably relied on defendants' alleged promise to grant her a permanent modification by forgoing mitigation efforts such as seeking legal representation throughout the modification process. Opp'n at 5–6 (citing FAC ¶¶ 75–78).

Plaintiff's promissory estoppel claim fails as a matter of law. First, plaintiff's allegation that she relied on defendants' promise not to foreclose is not actionable under a promissory estoppel theory because the alleged promise was made in consideration for plaintiff's agreement to make three reduced payments under the HAMP trial plan. Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 275 (Cal. Ct. App. 2011) ("[A] plaintiff cannot state a claim for promissory estoppel when the promise was given in return for proper consideration. The claim instead must be pleaded as one for breach of the bargained-for contract.").

Second, as set forth in the analysis of plaintiff's breach of contract claim, the plain language of the HAMP trial plain did not guarantee that plaintiff would be granted a permanent loan modification. See FAC, Exh. A (expressly providing that a permanent modification was conditioned on ASC's determination that plaintiff's information complied with the plan's requirements). Accordingly, to the extent plaintiff relies on her allegation that a permanent modification was guaranteed, her claim fails. See Lange v. TIG Ins.Co., 68 Cal.App.4th 1179, 1185–86 (Cal. Ct. App. 1998) (concluding that absent an allegation of a clear, unambiguous, and enforceable promise, a claim for promissory estoppel cannot be maintained).

Third, plaintiff's FAC does not sufficiently allege substantial detriment. Plaintiff must demonstrate that she "substantial[ly] change[d] [her] position, either by act or forbearance, in reliance on the promise." Youngman v. Nev. Irrigation Dist., 70 Cal. 2d 240, 249 (1969). Plaintiff contends that her reliance on ASC's alleged promise to modify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　　JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

her loan was to her detriment because she lost the opportunity to pursue other strategies to avoid foreclosure and suffered economic loss. FAC ¶¶ 78–79. Merely submitting a modification application or making payments to the beneficiary or servicer, however, is insufficient to establish the required detrimental reliance, because plaintiff was already legally obligated to make payments under the loan. See, e.g., Mehta v. Wells Fargo Bank, N.A., 2011 WL 1157861, *3 (S.D. Cal Mar. 29, 2011) (concluding that providing payments and documents to a bank for a loan is insufficient to establish the requisite reliance); Nong v. Wells Fargo Bank, N.A., 2010 U.S. Dist. LEXIS 136464, at *8–10 (C.D. Cal. Dec. 6, 2010) (dismissing plaintiff's estoppel claim because "where a plaintiff does not allege facts that could establish that [she] would have been successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of her home, dismissal is proper because the [c]omplaint lacks a connection between her reliance on the alleged promise and losing her home to sustain her claim for estoppel") (internal quotation marks and citation omitted); Newgent v. Wells Fargo Bank, N.A., 2010 U.S. Dist. LEXIS 18476, at *18 (S.D. Cal. Mar. 2, 2010) (concluding that plaintiff's "reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental" because the plaintiff "was already legally obligated to make payments on her mortgage").

Because it appears that plaintiff can allege no set of facts supporting her claim of promissory estoppel, the Court finds that leave to amend would be futile. Accordingly, ASC's motion to dismiss plaintiff's claim for promissory estoppel is GRANTED WITH PREJUDICE.

### E. Violation of California's UCL

California's UCL prohibits any unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. Puentes v. Wells Fargo Home Mort., Inc., 160 Cal. App.4th 638, 643–644 (Cal. Ct. App. 2008). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619 (Cal. Ct. App. 1993). "[Section] 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable[.]" Puentes, 160 Cal. App. 4th at 643–644.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Plaintiff alleges that ASC "has engaged in a pattern and practice of extensive unlawful and fraudulent conduct related to the foreclosure of the subject property including multiple acts of intentional misrepresentation and willful breaches of contract." FAC ¶ 84.

Defendants argue that plaintiff does "not allege any facts to demonstrate a violation of [the UCL] with the requisite particularity" and "cannot allege that she suffered an injury-in-fact as a result of [ASC's] purportedly deceptive conduct." Mot. at 10.

The Court finds that plaintiff's UCL claim should be dismissed. The allegations demonstrate that plaintiff has not lost money or property as a result of defendants' alleged unfair or fraudulent practices—a necessary predicate to maintaining a UCL claim. See Cal. Bus. & Prof. Code § 17204; Clayworth v. Pfizer, Inc., 49 Cal. 4th 758, 788 (2010) (holding that a plaintiff has standing under the UCL only if she "had lost money or property" as a direct result of the business practices). Instead, plaintiff's allegations indicate that plaintiff lost her home because she defaulted on the loan, not because of defendants' alleged representations that defendants would approve plaintiff for a loan modification. Because the alleged post-default misrepresentations could not have caused plaintiff's default, plaintiff lacks standing to bring her UCL claim. See Clayworth v. Pfizer, Inc., 49 Cal. 4th 758, 788 (2010) (holding that a plaintiff has standing under the UCL only if she "had lost money or property" as a direct result of the business practices); DeLeon v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 8296, at *21 (N.D. Cal. Jan. 28, 2011) (finding, under similar circumstances, that plaintiffs lacked standing to bring a UCL claim because the alleged fraudulent conduct was not a cause of the plaintiffs' default).

Accordingly, ASC's motion to dismiss plaintiff's UCL claim is GRANTED. Because further amendment would be futile, dismissal is WITH PREJUDICE.

### F. Declaratory Relief

Plaintiff requests "a judicial determination of the rights and duties in regards to liabilities associated with the underlying loan and the fees and costs currently attributed to the [property]" as a result of the allegedly improperly foreclosure and allegedly "binding" HAMP trial plan. FAC ¶ 93.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Defendants argue that plaintiff's requested relief can only operate prospectively and cannot remedy past wrongs. Mot. at 14–15. Plaintiff responds that her claim is legally sufficient. Opp'n at 16.

The Court finds that plaintiff's claim for declaratory relief fails as a matter of law. "Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs." Chang Bee Yang v. Sun Trust Mortg. Inc., 2011 WL 902108, at *5 (E.D. Cal. Mar. 15, 2011). Because plaintiff seeks a declaration that defendants lacked authority to initiate foreclosure proceedings, see FAC ¶ 91, and because the foreclosure sale has already occurred, declaratory relief is not a viable claim for relief. Moreover, as discussed above, plaintiff's allegation that the HAMP trial plan created a binding contract fails as a matter of law.

Defendants' motion is therefore GRANTED as to plaintiff's claim for declaratory relief WITH PREJUDICE.

### G. Injunctive Relief

Plaintiff's claim for injunctive relief fails because injunctive relief is not a viable claim under California law. Guessous v. Chrome Hearts, LLC, 179 Cal. App. 4th 1177, 1187 (Cal. Ct. App. 2009); Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims. If plaintiff seeks injunctive relief, she should request it as part of her prayer for relief."). Because injunctive relief is not a viable claim, and because all of plaintiff's other claims fail as a matter of law, plaintiff is not entitled to pursue injunctive relief. Accordingly, defendants' motion to dismiss is GRANTED as to plaintiff's injunctive relief claim WITH PREJUDICE.

### H. Tender Rule

Finally, defendants assert that the entire FAC should be dismissed because plaintiff failed to allege a clear and unambiguous tender of the outstanding debt owed to defendants. Mot. at 3–4.

In opposition, plaintiff contends that "tender of the indebtedness is not required where imposing such a requirement would amount to an injustice." Opp'n at 4 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 291 (1911)). According to plaintiff, such injustice is present here because plaintiff's default "grew as a byproduct of [ASC's] negligence in refusing to comply with its obligations under the [HAMP trial plain.]" Id.

A valid and viable tender is a necessary prerequisite to any attempt to challenge a foreclosure sale, including any claims that are "implicitly integrated" with the allegations of an irregular sale. See Arnold's Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578–79 (Cal. Ct. App. 1984). Here, plaintiff seeks to set aside the foreclosure sale vis-a-vis her claims for breach of contract, fraudulent inducement, promissory estoppel, violations of California's UCL, declaratory relief, and injunctive relief. Thus, because her claims are "implicitly integrated" with her allegations that the foreclosure was improper, she must tender the amount due in order to set aside the foreclosure on equitable grounds. See id. As the California Court of Appeal recently held:

> Plaintiffs also assert they are not required to tender arrearages before attacking the sale. We disagree. Assuming plaintiffs otherwise had a viable claim attacking the sale, the second amended complaint merely alleged offers to tender. *A full tender must be made to set aside a foreclosure sale, based on equitable principles.* [citations.] Mabry [v. Sup. Ct., 185 Cal. App. 4th 208, 225–26 (Cal. Ct. App. 2010)] held tender was not required to delay a sale but did not suggest a tender is not required post-sale. Nor do plaintiffs propose any facts showing it would be inequitable to require a full tender. Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt.

Stebley v. Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (Cal. Ct. App. 2011) (emphasis added).

Here, plaintiff has not tendered the amount due. Accordingly, she may not invoke the Court's equitable powers to set aside the foreclosure sale. For this independent reason, plaintiff's FAC fails in its entirety, and must be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | EDCV 12-191 CAS (SPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ORTIZ v. AMERICA'S SERVICING COMPANY; ET AL. | | |

## V.　CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED WITH PREJUDICE.

Accordingly, plaintiff's motion to consolidate is DENIED as moot.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　00　:　04
　　　　　　　　　　　　　　　Initials of Preparer　　　CMJ